**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LYNDA BERNARD, Individually and as Executrix of the Estate of Ronald H. Bernard** | ) ) ) | **Case No.  5:09 CV 1523** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA., et al.,** | ) ) | <u>**MEMORANDUM OF OPINION AND ORDER**</u> |
| | ) | |
| **Defendants.** | ) | |

This insurance coverage case is before the Court on the Motion to Dismiss Plaintiff's Third Cause of Action ("Motion") filed by Defendant National Union Company of Pittsburgh, Pa. ("National Union").  (**ECF No. 8**.)  Specifically, National Union asks the Court to dismiss the claim for violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 *et seq*. for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Court has reviewed the Motion, Plaintiff's Brief in Opposition (ECF No. 12), National Union's Reply Brief (ECF No. 19), and the cited cases and statutes, and agrees with National Union that the Third Cause of Action must be dismissed.

In the First Amended Complaint, Plaintiff Lynda Bernard, Individually and as Executrix of the Estate of Ronald H. Bernard, sets forth the following allegations.  On February 27, 2008, Ronald Bernard entered into an insurance contract with National Union, which contract provided an accidental death benefit of $1,000,000.  (ECF No. 1-3 ("Compl.") ¶ 1.)  On

April 20, 2008, Ronald Bernard was involved in a motor vehicle accident and sustained injuries resulting in his death on June 5, 2008.  (Id. ¶ 3.)  Ronald's death was ruled an accident: "struck fixed objects and moving vehicles."  (Id.)  Lynda Bernard, who is the beneficiary of the policy, was appointed Executrix of Ronald's estate on July 18, 2008.  (Id. ¶ 4.)  Lynda claims that National Union has unlawfully failed to honor the $1,000,000 accidental death benefit, and that it has only paid benefits for Ronald's death to the extent of $104,175.76.  (Compl. ¶ 6.)  As such, she asserts claims against National Union for breach of contract (First Cause of Action), breach of the duty of good faith and fair dealing (Second Cause of Action), and deceptive or unconscionable sales practices in violation of the OCSPA (Third Cause of Action).  She also seeks a declaration that she is entitled to recover the maximum accidental death benefit under the insurance policy (Fourth Cause of Action).

The OCSPA prohibits a person engaged in the business of effecting or soliciting consumer transactions from committing an unfair or deceptive act or practice in connection with those consumer transactions.  O.R.C. §§ 1345.02(A), 1345.01(C).  The term "consumer transaction" expressly excludes transactions between persons defined in O.R.C. § 5725.01.  O.R.C. § 1345.01(A).  One of the "persons" excluded from the OCSPA is an "insurance company," defined as "every corporation, association, and society engaged in the business of insurance of any character, or engaged in the business of entering into contracts substantially amounting to insurance of any character, . . .."  O.R.C. § 5725.01(C).  Ohio courts interpreting these statutes have routinely ruled that insurance coverage disputes are not consumer transactions recognized under the OCSPA.  *See, e.g., Johnson v. Lincoln Nat'l Life Ins. Co.*, 69 Ohio App.3d 249, 255 (Ohio App. 2 Dist. 1990) (dismissing the OCSPA claim holding that "[i]t

is clear that the Ohio Legislature meant to regulate the insurance industry in R.C. Title 39 and that the Ohio Consumer Sales Practices Act has no application to controversies over insurance policies."); *Walker v. State Farm Mut. Auto. Ins. Co.*, 141 Ohio Misc. 2d 36, 38-39 (Ohio Com. Pl. 2006) (insurer's declaration of a vehicle as a total loss, then selling the vehicle with a clean title, did not render it liable to a consumer under the OCSPA); *Schaller v. Nat'l Alliance Ins. Co.*, 496 F.Supp.2d 890, 901 (S.D. Ohio 2007) (granting summary judgment to National Union on OCSPA claim as a matter of law because "the OCSPA does not apply to insurance companies"). It is undisputed that National Union is an insurance company, and Lynda Bernard alleges that National Union has engaged in an unfair or deceptive act by presenting a different insurance policy (i.e., one that affords accidental death coverage only to a passenger on a commercial airline) than the one actually entered by Ronald Bernard, and denying coverage on that basis. Because the Third Cause of Action alleges an unfair or deceptive act by an insurance company under the OCSPA, it must be dismissed.

Plaintiff argues that the aforementioned cases are distinguishable, with little explanation, and that "[t]he case sub judice involves the alleged unconscionable, deceptive conduct at the point of sale and/or at the point the claim was presented to Defendant (not an insurance coverage dispute), and therefore, applicable (sic) to the OCSPA."  (ECF No. 12, at 6.) The only case Plaintiff cites in support is *Davis v. Mutual Life Ins. Co. of N.Y.*, 6 F.3d 367, 372 (6th Cir. 1993).

Although the defendants were successfully sued under the OCSPA in *Davis*, there is no discussion of the scope of the statute.  *Davis* involved an insurance agent "and his associates" who ran what the court described as a "confidence game," wherein he assisted

-3-

customers in completing fraudulent tax returns claiming excessive deductions for alleged home businesses.  As part of the scheme, the defendant induced his customers to buy certain life insurance policies.  The only discussion regarding the scope of the OCSPA took place in a prior related case, *Hofstetter v. Fletcher*, 905 F.2d 897, 906 (6th Cir. 1988).  There, defendants appealed a jury verdict against them under the OCSPA, claiming that the statute did not apply to them.  The court explained, among other things, that the sale of the insurance policy was not done in the course of the insurance business, but rather as part of a tax-planning scheme:

> [T]he sale of insurance was only a part of the total package of goods and services which the defendants sold to plaintiff.  Indeed, it appears that the only reason that the plaintiff purchased the insurance was because the defendants claimed that it was a necessary prerequisite for her participation in their tax planning services. . . .
>
>                                                *     *     *
>
> Most importantly, defendants promised plaintiff that her participation in the program would result in a total elimination of her personal federal income tax liability.  Thus, the undisputed evidence in the record demonstrates that the total package of services sold by defendants included much more than simply an insurance policy and therefore clearly fell within the scope of the Ohio Consumer Sales Practices Act.

*Id*., 905 F.2d at 906.  Unlike the instant case, the business engaged in by the defendants in *Davis* was not the sale of an insurance policy; rather, the sale of the insurance policy was only a component of a larger tax-planning scheme.  Here, there is no question that the business engaged in by National Union is the insurance business, and that the deceptive or unconscionable practice was the alleged submission of the wrong policy to Ronald or Lynda Bernard.

             Plaintiff also argues that O.R.C. § 3901.21, which defines certain unfair practices in the insurance business, "triggers" a cause of action under the OCSPA.  Plaintiff neglects to cite a single case that stands for this proposition.  Title 39 of the Ohio Revised Code, wherein § 3901.21 is located, regulates the insurance industry in Ohio.  Title 13 of the Ohio Revised

-4-

Code regulates commercial transactions and expressly excludes insurance transactions.  The two statutes are unrelated and, regardless of how Plaintinff characterizes the dispute, cannot be reconciled here.  *See Johnson*, 69 Ohio App.3d at 255 ("It is clear the Ohio Legislature meant to regulate the insurance industry in R.C. Title 39 and that the Ohio Consumer Sales Practices Act has no application to controversies over insurance policies.")

Accordingly, the Court hereby **GRANTS** the Motion to Dismiss Plaintiff's Third Cause of Action (**ECF No. 8**) and **DISMISSES WITH PREJUDICE** the OCSPA claim asserted therein for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    August 4, 2009*
**Dan Aaron Polster**
**United States District Judge**

-5-